## DIVISION OF TAXES AND RENTS AT TERMINATION OF LIFE ESTATE.

Common Pleas Court of Hamilton County.

In re Submission of an Agreed Case by Mary W. Sturgis and Ernst Rehm, as Executor of the Last Will of Sallie B. Williams, Deceased.

Decided, July, 1909.

*Life Tenant and Remainderman—Division of Rents and Profits, Taxes and Expenses between—Wills—Lease.*

1. Taxes are chargeable against the estate of a life tenant up to the day of his death and against the remainderman from that date forward.
2. Rents should be divided in accordance with the same rule, whether paid in advance to the life tenant or at the end of the term to the remainderman.

*Ernst Rehm; Howard B. Derlain.*

DICKSON, J.

This cause is in this court under the provisions of Sections 5207, 5208, 5209, Revised Statutes of Ohio, which provide in substance that parties to a question which might be the subject of a civil action may agree upon a case as to facts, and submit the same to this court for judgment as if an action were pending.

Elkanah Williams died in 1888 testate. He gave his estate to his wife, Sallie B. Williams, for life, with remainder to his daughter, Mary W. Sturgis. Sallie B. Williams, the life tenant, died January 30, 1906.

Is the life tenant or the remainderman liable for the taxes, $307.85, payable in June, 1906?

The life tenant leased certain premises July 1, 1905, for one year and received as rental for that year $500 in advance. Who is entitled to this $500?

There are several other questions raised, but all have relation to these two questions and are decided in the opinion.

The right of the individual to own property exists only by reason of his being one of a community of fellow beings; that is, one of the individuals of a state—a government. A government could not exist were it without means—without money. Hence the government charges its subjects rental in the form of a tax. Among its methods of raising money is a tax on land. It must have just so much each year from its landowners. It tells its landowners just when it fixes the amount to be paid by each, that is, the rate on the value of the land. It tells its landowners just when this amount thus ascertained is a lien and when and where and under what conditions it must be paid.

These tellings or laws are for its and the landowners convenience; the one to receive, the other to pay. These laws by special statutes obtain as between vendor and vendee. There are certain laws where the owner is vendor and certain laws where the court is vendor. The same government permits the landowner to devise by will—to carve out life estates and estates in remainder.

After all, this tax paid by the landowner to the government is rent—really, so much a day—and if there be no statutes to the contrary, it seems to me each person, whether life tenant or re-

mainderman, should pay his share of this tax for the time of his use and occupancy. Hence, the life tenant or his personal representative will be required to pay up to and including the day of his death; the remainderman for each day thereafter. The decree will be accordingly as to the taxes.

I do not see why the same rule will not apply and with even more force as to the revenue or income derived from the estate.

Having held that the life tenant and the remainderman each pay taxes for his enjoyment of the land for the time he occupied it, the conclusion is irresistible that each receive from those in possession—the tenants—his share of the rents from these tenants; the life tenant or his personal of the rents from these tenants; the life tenant or his personal representative up to and including the day he died, and the remainderman the rents thereafter, each by the day. The decree will be accordingly as to the rents. Whether the revenue or rent be paid by the tenant in possession in advance, or as past due makes no difference. Any expenses incurred other than taxes should be divided in the same manner.

The claim that the executor in this case was empowered to make a lease as he pleased, and that he having made a lease for a year and having received payment for the whole year in advance, and having paid this year's advanced rent to the life tenant, and that his action is binding on both the life tenant and remainderman, is not tenable, can not be maintained. Such a lease may be made if the will so provide, but in the absence of any direction by the testator as to the disposition of this income, the same must be divided between the life tenant and the remainderman in accord with the rule above laid down; that is, each is entitled to his share for the time his tenancy obtained. The same would hold true if the rent reserved by the executor were payable at the end of the year or at the end of the term and paid to the remainderman.

It is ordered that the costs be divided equally—one-half each.